**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAHA SAKO,<br><br>               Plaintiff,<br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>               Defendant. | Case No. 3:14-cv-15-GPC-JMA<br><br>**ORDER *SUA SPONTE* REMANDING CASE TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION** |

## INTRODUCTION

On November 26, 2013, Plaintiff Maha Sako ("Plaintiff"), filed a complaint in the Superior Court of the State of California, County of San Diego against Defendant Wells Fargo Bank, National Association ("Defendant"). Plaintiff alleged six state causes of action: (1) wrongful termination of employment in violation of public policy; (2) discrimination in violation of the California Fair Employment and Housing Act; (3) intentional infliction of emotional distress; (4) unpaid wages in violation of California Labor Code section 201; (5) waiting time penalties in violation of California Labor Code section 203; and (6) unfair business practices in violation of California Business and Professions Code section 17200. (Dkt. No. 1, Compl. at 1.) On January 3, 2014, Defendant filed an answer to the complaint and removed the matter to this Court, asserting this Court has diversity jurisdiction. (Dkt. No. 1, Notice of Removal at 1-2.) Based on the reasoning set forth below, this Court finds that it lacks subject matter jurisdiction over the Complaint and, therefore, ***SUA SPONTE* REMANDS** the matter

1  to state court for all further proceedings.

2  **DISCUSSION**

3  **1. Legal Standard**

4      Federal courts are courts of limited jurisdiction. <u>Gould v. Mutual Life Ins. Co.

5  v. New York</u>, 790 F.2d 769, 774 (9th Cir. 1986).  As such, a federal court cannot reach

6  the merits of any dispute until it confirms its own subject matter jurisdiction.  <u>See</u> <u>Steel

7  Co. v. Citizens for a Better Environ.</u>, 523 U.S. 83, 93-94 (1998).  Even when parties

8  do not raise the issue of jurisdiction, this Court has an independent obligation to

9  address *sua sponte* whether it has subject matter jurisdiction.  <u>Allstate Ins. Co. V.

10  Hughes</u>, 358 F.3d 1089, 1093 (9th Cir. 2004).  Thus, at any time during the

11  proceedings, a federal district court may *sua sponte* remand a case to state court if the

12  court lacks subject matter jurisdiction over the case.  28 U.S.C. § 1447(c); <u>see</u>

13  <u>Brockman v. Merabank</u>, 40 F.3d 1013, 1015-16 (9th Cir. 1994).

14      Removal jurisdiction is governed by 28 U.S.C. § 1441 *et seq*.  "Except as

15  otherwise expressly provided by Act of Congress, any civil action brought in a State

16  court of which the district courts of the United States have original jurisdiction, may

17  be removed by the defendant or the defendants, to the district court of the United States

18  for the district and division embracing the place where such action is pending."  28

19  U.S.C. § 1441(a).  "If at any time before final judgment, it appears that the district court

20  lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

21  The Ninth Circuit "strictly construe[s] the removal statute against removal

22  jurisdiction."  <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992) (citations

23  omitted).  Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the

24  right of removal in the first instance."  <u>Id.</u>  (citation omitted).  "The 'strong

25  presumption' against removal jurisdiction means that the defendant always has the

26  burden of establishing that removal is proper."  <u>Id.</u>; <u>Abrego Abrego v. Dow Chemical

27  Co.</u>, 443 F.3d 676, 685 (9th Cir. 2006) (citing <u>Gaus</u>, 980 F.2d at 566).

28      Removal jurisdiction may be based on the existence of a federal question or

diversity of citizenship.  28 U.S.C. § 1441.  A federal question exists when either the federal law creates a cause of action alleged in the complaint or the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27-28 (1983).  Diversity exists when "the matter in controversy exceeds the sum or value of $75,000" and when all parties to the action are "citizens of different states." 28 U.S.C. § 1332(a).  "A defendant attempting to remove a diversity case must show by a preponderance of the evidence that the amount-in-controversy requirement is satisfied."  Gibson v. Chrysler Corp., 261 F.3d 927, 933 (9th Cir. 2001) (citations omitted).  Complete diversity is present when all plaintiffs have citizenship different from all defendants.  Caterpillar v. Lewis, 519 U.S. 61, 68 n.3 (1996) (citation omitted).

**2. Analysis**

Plaintiff filed a complaint in California state court, alleging six state causes of action arising out of her employment with Defendant Wells Fargo. (Dkt. No. 1, Compl. at 1.)  Defendant Wells Fargo Bank, N.A., removed the action on the basis of diversity jurisdiction. (Dkt. No. 1, Notice of Removal at 1.)  It is undisputed that Plaintiff is a citizen of California.  (Dkt. No. 1, Compl. at 1-2; Notice of Removal at 2.)  It is undisputed that Defendant Wells Fargo Bank, N.A. is a national banking association with its main office in South Dakota, and therefore is a citizen of that state. (Dkt. No. 1, Notice of Removal at 2.)  See Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 307 (2006) (holding that a national bank "is a citizen of the State in which its main office, as set forth in its articles of association, is located").

The question before the Court is whether, for the purposes of diversity jurisdiction, Wells Fargo is *also* a citizen of California.  In other cases, Wells Fargo has conceded that its principal place of business is in California.  Grace v. Wells Fargo Bank, N.A., 926 F. Supp. 2d 1173, 1175 n. 1 (S.D. Cal. 2013) ("Wells Fargo does not contest that its principal place of business is in San Francisco, California."); Singer v. Wells Fargo Bank, N.A., No. SACV 12-801 JVS (JPRx), 2012 WL 2847790, at *1

(C.D. Cal. July 11, 2012); Mount v. Wells Fargo Bank, N.A., No. CV 08-6298 GAF (MANx), 2008 WL 5046286, at *1 (C.D.Cal. Nov. 24, 2008) (Wells Fargo "has regularly described its principal place of business as San Francisco, California."). District courts in California are split on the issue of whether Wells Fargo is a citizen of both South Dakota, where its main office is located, and California, where its principal place of business is located.  See Uriarte v. Wells Fargo Bank, N.A., No. 11-CV-2082-IEG (WVG), 2011 WL 5295285, at *9 (S.D. Cal. Nov. 3, 2011) (holding that Wells Fargo is also a citizen of California, where it has its principal place of business); but see Flores v. Wells Fargo Bank, N.A., No. 3:11-CV-06619 JSC, 2012 WL 832546, at *5 (N.D. Cal. Mar. 12, 2012) (finding that Wells Fargo is only a citizen of the state of their main office, South Dakota, and not also of the state of their principal place of business, California).

     "All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348.  While the Supreme Court held in Schmidt that a national bank is a citizen of the state in which its main office is located, it did not answer the question as to whether a bank is also "located" in, and therefore a citizen of, the state of principal place of business. See Schmidt, 546 U.S. at 307.  The Court addresses that question here.

     In its Notice of Removal, Defendant asks this Court to adopt a narrow interpretation of the Supreme Court decision in Schmidt, and find that a national banking association is a citizen *only* of the state in which it has designated its main office.  Schmidt, 546 U.S. at 314.  Defendant relies on the Eighth Circuit decision in Wells Fargo Bank, N.A. v. WMR e-PIN, LLC, 653 F.3d 702, 710 (8th Cir. 2011), and other district court opinions which reject the principal place of business test for purposes of diversity jurisdiction in §1348.  Defendant Wells Fargo also cites the Ninth Circuit decision in Lowdermilk v. U.S. Bank, N.A., 479 F.3d 994, 997 (9th Cir. 2007) (citing Schmidt, 546 U.S. 305) (overruled on other grounds by Rodriguez v. AT&T

1   Mobility Serv. LLC, 728 F.3d 975, 977) (9th Cir. 2013)) as support that the Ninth

2   Circuit will likely reject the principal place of business test.[1]  (Dkt. No. 1, Notice of

3   Removal at 5.)  The Court finds these arguments unconvincing.

4          As the Supreme Court did not determine whether a national bank could also be

5   a citizen where it has its principal place of business, the appellate and district courts

6   have taken two different approaches on the issue.  On one hand, the Eighth Circuit and

7   certain district courts in California have held that "located" should be read narrowly

8   to only include the place where the bank has its main office.  Wells Fargo Bank, N.A.

9   v. WMR e-PIN , LLC, 653 F.3d at 710 ("We reject appellants' claim that Wells Fargo

10  is a citizen of both South Dakota and California[.]"); Meyer v. Wells Fargo Bank, N.A.,

11  No. C 13–03727 WHA, 2013 WL 6407516, at *2 (N.D. Cal. Dec. 6, 2013) ("While our

12  court of appeals has not addressed the issue since Schmidt, a majority of judges in this

13  district, including the undersigned judge, have determined that for purposes of diversity

14  jurisdiction, defendant Wells Fargo is a citizen of only South Dakota, the state in which

15  its main office is located under its articles of association, and not California, where it

16  has its principal place of business.").[2]  On the other hand, other district courts in

17  California continue to affirm the decisions made by the Fifth and Seventh Circuits,

18  which concluded that a national bank is a citizen of both the state in which its main

19  office is located and the state of its principal place of business.  Horton v. Bank One,

20  N.A., 387 F.3d 426, 436 (5th Cir. 2004) ("We hold that the definition of 'located' is

21  limited to the national bank's principal place of business and the state listed in its

22  organization certificate and its articles of association."); Firstar Bank, N.A. v. Faul, 253

23  

24          [1] In Lowdermilk, the court identified the defendant bank as a citizen of Ohio because its main office was located in that state, without considering the principal place of business test.  Lowdermilk,

25  479 F.3d at 997.

26          [2] Many district courts in the Northern District of California have embraced the Eighth Circuit approach post-Schmidt.  See Mitchell v. Wells Fargo Bank, N.A., No. CV 13-04017-KAW, 2013 WL 5587819, at *1 (N.D. Cal. Oct. 10, 2013); Alonzo v. Wells Fargo Bank, N.A., No. C 13-1604 PSG,

27  2013 WL 3787298, at *3 (N.D. Cal. July 18, 2013); Marshall v. Wells Fargo Bank, No. C-13-01747 EDL, 2013 WL 3287687 at *4 (N.D. Cal. June 27, 2013); Yong Chull Kim v. Wells Fargo Bank, N.A.,

28  No. 5:12-CV-02066-EJD, 2012 WL 3155577, at *2-3 (N.D. Cal. Aug. 2, 2012); DeLeon v. Wells Fargo Bank, N.A., 729 F. Supp. 2d 1119, 1123-24 (N.D. Cal. 2010).

F.3d 982, 994 (7th Cir. 2001) ("[W]e hold that for purposes of 28 U.S.C. § 1348 a national bank is 'located' in, and thus a citizen of, the state of its principal place of business and the state listed in its organization certificate."). Although these decisions were made prior to Schmidt, numerous district courts have followed this approach, finding Firstar and Horton persuasive. See Uriarte v. Wells Fargo Bank, N.A., No. 11-CV-2082-IEG (WVG), 2011 WL 5295285, at *8 (S.D. Cal. Nov. 3, 2011) ("[T]he Court believes the approach advanced by the Fifth and Seventh Circuits, as well as by Judge Murphy's dissent in WMR, is more consistent with § 1348's legislative history and the Supreme Court's decision in Wachovia[ v. Schmidt]."); Bickoff v. Wells Fargo Bank, N.A., No. 11-CV-2452 BEN (WVG), 2013 WL 100323, at *5 (S.D. Cal. Jan. 4, 2013) (finding "a national banking association is a citizen of both a state where it has its main office and the state of its principal place of business"); see also Taheny v. Wells Fargo Bank, N.A., 878 F. Supp. 2d 1093, 1098-1109 (E.D. Cal. Apr. 3, 2012) (providing persuasive detailed analysis of Firstar, Horton, and other case law in finding the principal place of business test applies to national banks).[3]

While the Court acknowledges there remains a split of opinion on the issue, the Court finds the approach in Firstar and Horton articulated by the Fifth and Seventh Circuits more persuasive, and reaffirms its holding in Grace v. Wells Fargo, N.A., 926 F. Supp. 2d 1173, 1178 (S.D. Cal. 2013), and Ortiz v. Wells Fargo, N.A., No. 13cv0060–GPC–BLM, 2013 WL 1702790 at *4 (S.D. Cal. Apr. 19, 2013). In Grace and Ortiz, this Court held that a national banking association is a citizen of both the state where it has its main office and the state of its principal place of business.

---

[3] A number of district court opinions have discussed Horton and Firstar, holding that a national bank is also a citizen of the state where its principal place of business is. See Garcia v. Wells Fargo Bank, N.A., No. CV 13-9325 FMO (SHx), 2014 WL 29354, at *7 (C.D. Cal. Jan. 3, 2014); Vargas v. Wells Fargo Bank N.A., No. 12-CV-02008-JST, 2013 WL 6235575, at *8 (N.D. Cal. Dec. 2, 2013); Olson v. Wells Fargo Bank, N.A., No. CV 13-2906-GHK (AGRx), 2013 WL 4407495, at *12 (C.D. Cal. Aug. 1, 2013); Martinez v. Wells Fargo Bank, 946 F. Supp. 2d 1010, 1024 (N.D. Cal. 2013); Rodriguez v. Wells Fargo Bank, Nat. Ass'n, No. 12-CV-469-BEN (BGS), 2012 WL 1940572, at *4 (S.D. Cal. May 25, 2012); Rouse v. Wachovia Mortgage, FSB, No. EDCV 11-00928 DMG (DTBx), 2012 WL 174206, at *12 (C.D. Cal. Jan. 13, 2012); Stewart v. Wachovia Mortgage Corp., No. CV 11-06108 MMM (AGRx), 2011 WL 3323115, at *5 (C.D. Cal. Aug. 2, 2011)

1  Accordingly, as applied to this case, Wells Fargo is a citizen of California.

2  **CONCLUSION**

3        Upon review of Defendant's Notice of Removal and the attached Complaint, this

4  Court finds it does not have subject matter jurisdiction over this case and therefore

5  *SUA SPONTE* **REMANDS** the action to the Superior Court of the State of California,

6  County of San Diego.

7

8  DATED:  February 11, 2014

9

10  HON. GONZALO P. CURIEL
United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28